UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LILLIAN BASON,

       Plaintiff,

Case No.12-15033

v.                                        HON. GERSHWIN A. DRAIN

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.

_____/

ORDER ACCEPTING REPORT AND RECOMMENDATION [#19], OVERRULING PLAINTIFF'S OBJECTIONS [#24], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#18], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [#13], AND DISMISSING PLAINTIFF'S CLAIMS

## I.  INTRODUCTION

This matter is before the Court on the parties' Cross-Motions for Summary Judgment as to Plaintiff Lillian Bason's claim for judicial review of Defendant Commissioner of Social Security's denial of her application for disability insurance benefits.  The matter was referred to Magistrate Judge Mark A. Randon, who issued a Report and Recommendation ("R&R") on February 18, 2014, recommending that Plaintiff's Motion for Summary Judgment be denied, Defendant's Motion for Summary Judgment be granted, and the Commissioner's findings and conclusions be affirmed.  Plaintiff filed her Objections March 25, 2014.  Plaintiff did not timely file her Objections.  The Court granted Plaintiff's counsel two extensions on the deadline for

filing Objections, however, Plaintiff's counsel was unable to file the Objections on time. For the reasons that follow, the Court ACCEPTS Magistrate Judge Randon's R&R.

## II. PROCEDURAL AND FACTUAL HISTORY

Plaintiff applied for child's disability insurance benefits on June 29, 2009 and supplemental security income on June 24, 2009. The Commissioner of Social Security ("the Commissioner") denied her application. Plaintiff appeared before an administrative law judge ("ALJ") with counsel. The ALJ issued an opinion finding she was not disabled. Plaintiff requested a review of this decision, and the Appeals Council of the Social Security Administration denied Plaintiff request for review of the ALJ's decision on September 13, 2012, "at which point the ALJ's decision became the final decision of the Commissioner of Social Security." *Wilson v. Comm'r or Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (citation omitted). Plaintiff initiated this civil action with the Court for review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g) on November 14, 2012.

## III. ANALYSIS

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. *See* 42 U.S.C. § 405(g). Findings of fact by the Commissioner are conclusive if supported by substantial evidence. *Id.* The court must affirm the decision if it is "based on [an

appropriate] legal standard and is supported by substantial evidence in the record as a whole." *Studaway v. Sec'y of Health and Human Servs.*, 815 F. 2d 1074, 1076 (6th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

Upon review of the administrative record, the parties' briefing, the Report and Recommendation, and Plaintiff's objections, the Court finds the Magistrate Judge reached the correct conclusion and substantial evidence supported the ALJ's decision.

Plaintiff's first objection is that Magistrate Judge Randon erred by not addressing Plaintiff's initial argument regarding the ALJ's severity finding of Plaintiff's closed head injury. However, Plaintiff overlooks the Magistrate Judge's analysis of an October 2009 case and analysis and mental impairment review. The psychologist who conducted that review, Dr. Lawrence, commented that Plaintiff had no history of special education and a pattern of small errors on a math test that seemed to be an attempt to exaggerate cognitive difficulties. Tr. 159. There were no intellectual limitations, and the doctor observed Plaintiff sending texts messages, which he stated were too difficult for someone with a Full Scale IQ score of 64. Additionally, she adequately completed her function report without help. This doctor concluded Plaintiff could do "simple work that is easy to learn." Such an objection is unpersuasive, and substantial evidence supports the ALJ's finding.

Second, Plaintiff objects to the Magistrate Judge's finding that her impairments did not meet the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.02 and 12.05. According to Plaintiff, the Magistrate Judge incorrectly gave validity to Dr. Lawrence's report that contains no indication that Plaintiff's closed head injury is a cause for her declined intellectual capacity. The Court views this as rephrasing of Plaintiff's first Objection. Dr. Lawrence made it clear that

Plaintiff's ability to complete her own function report and text message would be very difficult for someone with her IQ score. Section 12.02 requires Plaintiff to demonstrate a loss of cognitive abilities or affective changes and a medically documented persistence of a fifteen point IQ loss from premorbid levels or overall impairment clearly within the impaired range on neuropsychological testing.

The required level of severity for an organic mental disorder under 12.02 requires meeting "A and B Criteria" or "C Criteria." Plaintiff offered her high school grades from Detroit Denby High School and a 2004 psychiatric evaluation as evidence she meets A Criteria. The Magistrate Judge correctly found that grades from her time in high school were not enough to show a decline. R&R at 19. As for the 2004 evaluation, the evaluating psychiatrist was unable to conclude Plaintiff's school performance was the result of a brain injury. The Magistrate Judge Correctly concluded Plaintiff did not meet A Criteria for §12.02. B Criteria requires marked restrictions or difficulties in daily activities, social functioning, mood or "repeated episodes of decompensation[.]" R&R at 21. Based on Plaintiff's testimony, ALJ found Plaintiffs restrictions were mild and not severe enough for B Criteria's "marked" level. The Magistrate Judge Correctly concluded Plaintiff did not meet B Criteria.

Section 12.05 directs the ALJ on a finding of mental retardation. Plaintiff's impairments must meet or equal impairments listed in subsections C and D. Plaintiff argues the ALJ did not follow *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x (6th Cir. 2011) because the ALJ did not consider whether Plaintiff's medical impairment met the list in 12.05 (C) or (D), and this constitutes a reversible error. The Defendant argues *Reynolds* does not control because Plaintiff cannot meet 12.05 mental retardation requirements.

C criteria in section 12.05 requires Plaintiff to show an IQ score between sixty and seventy, which applies to Plaintiff. However Plaintiff was required to show another limitation that affected her work. Plaintiff offered her headaches as a severe limitation. She testified that she experiences them three times a day and they last for five minutes and received no treatment for them. The ALJ and magistrate correctly concluded this was insufficient evidence in the record to conclude Plaintiff had a severe impairment. R&R at 27. Moreover, *Reynolds* does not control in this matter because the ALJ considered Plaintiff's impairment. D criteria are identical to section 12.02(B) criteria Plaintiff failed to meet because her impairments were not severe. Substantial evidence supports the ALJ's findings. Thus, Plaintiff's second Objection is unpersuasive.

Last, Plaintiff objects the Magistrate Judge's finding that Plaintiff was not credible. Plaintiff argues the ALJ and the Magistrate fail to appreciate her traumatic brain injury. This is another attempt by Plaintiff to revive an argument from her Motion for Summary Judgment. The ALJ's credibility determination of the Plaintiff's subjective complaints are given great weight so long as they are supported by substantial evidence. *Johnson v. Comm'r of Soc. Sec.*, 2013 WL 5613535, at *8 (6th Cir. Oct. 15, 2013). Credibility determinations from claimant's subjective complaints about their symptoms are "within the province of the ALJ." *Gooch v. Sec'y of HHS*, 833 F.2d 589, 592 (6th Cir. 1987). The ALJ did not find Plaintiff's statements regarding the frequency, intensity and severity of her symptoms credible. The ALJ can consider many factors when weighing credibility. Among them are daily activities, frequency and intensity of pain, medication and treatment for symptoms. The ALJ found there was "minimal information in the record of any disabling impairment[s], symptoms or limitations." R&R at 30. Plaintiff rebuts this finding by citing to medical journals, however, these are extraneous sources that cannot

bolster what the Magistrate Judge correctly called a "sparse medical record[.]" The record shows a 2009 evaluation was the only attempt Plaintiff made to seek out treatment to address her impairments since treatment and therapy in 2004. Furthermore, there is no evidence of treatment, therapy or counseling for Plaintiff's headaches. Substantial evidence supports the ALJ's finding on Plaintiff's Credibility, and the Court finds this Objection unpersuasive.

## IV. CONCLUSION

Accordingly, Plaintiff's Objections are OVERRULED. Consistent with the analysis herein, the Court hereby ACCEPTS Magistrate Judge Mark Randon's February 18, 2014 Report and Recommendation [#19],GRANTS Defendant Commissioner's Motion for Summary Judgment [#18], DENIES Plaintiff's Motion for Summary Judgment [#13], and DISMISSES Plaintiff's Complaint with prejudice.

SO ORDERED.

Dated: March 31, 2014

                                           S/Gershwin A. Drain
                                           GERSHWIN A. DRAIN
                                           UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 31, 2014, by electronic and/or ordinary mail.
S/Tanya Bankston
Deputy Clerk