UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LILLIAN BASON,

        Plaintiff,

Case No. 12-15033

v.                                       HON. GERSHWIN A. DRAIN

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT [#27]

This matter is before the Court on the Plaintiff's Motion for Relief from Judgment. Plaintiff filed her Objections to a Report and Recommendation ("R&R") of Magistrate Judge Mark Randon that her Motion for Summary Judgment be denied and the Commissioner of Social Security's Motion for Summary Judgment be granted on March 25, 2014. The Court granted Plaintiff's counsel two extensions on the deadline for filing Objections. The second Order granting Plaintiff an extension granted Plaintiff's motion for a seven day extension, but the Court stated the Objections were due on a date that was six days after the Court entered its Order. On March 31, 2014, the Court entered an Order adopting Magistrate Judge Randon's R&R. See Dkt. #25. That Order addressed the merits of Plaintiff's Objections despite their untimely filing.

-1-

The court may grant relief due to a mistake found in an order on its own or upon motion of a party. *See* Fed. R. Civ. P. 60(a). Rule 60(b) of the Federal Rules also gives the district court the discretion to grant relief from an order for mistake or inadvertence. *Smith v. Sec'y of Health & Human Servs.*, 776 F.2d 1330, 1332 (6th Cir. 1985) (stating Rule 60(b) determinations are within the discretion of the trial court). Errors and mistakes Rule 60(b)(1) must be legal errors. *Young v. Green Oak Twp.*, No. 02—71891, 2009 WL 817615, at 3* (E.D. Mich. March, 27 2009) (denying plaintiff's 60(b)(1) motion for failure to cite a legal error); *see also Pierce v. United Mine Workers*, 770 F.2d 449, 451 (6th Cir. 1995) (stating courts have granted relief from judgments that encompass legal errors).

Plaintiff's motion implicates Rule 60(a) and (b). Plaintiff argues that the Court made an error by granting counsel's motion for a seven day extension, but stating the Objections were due six days after it entered the Order. The Court construes this as an alleged error for the purpose of Rule 60(a). Even if the Court were to consider this an error, Plaintiff's objections were denied on the merits. Thus, the Court finds no reason to grant instant Motion. The Court denied Plaintiff's Objections because substantial evidence supported the ALJ's findings not because they were not filed on time.

For the foregoing reasons, Plaintiff's Motion for Relief From Judgment [#27] is DENIED.

SO ORDERED.

Dated: July 25, 2014

                                            S/Gershwin A. Drain
                                            GERSHWIN A. DRAIN
                                            UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record
on
July 25, 2014, by electronic and/or ordinary mail.
S/Tanya Bankston
Deputy Clerk